# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## SEPTEMBER SESSION, 1996

| | | |
|---|---|---|
| **TOMMIE L. HILL JR.,** | ) | **C.C.A. NO. 02C01-9511-CC-00335** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **MADISON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. WHIT LAFON** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-conviction)** |

FILED

November 25, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

TOMMIE L. HILL, JR.
Pro Se
CCA/SCCF, P. O. Box 279
Clifton, TN 38425-0279

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

WILLIAM D. BRIDGERS
Assistant Attorney General

MARY ANNE QUEEN
Legal Assistant
450 James Robertson Parkway
Nashville, TN 37243

JERRY WOODALL
District Attorney General

SHAUN A. BROWN
Assistant District Attorney
225 Martin Luther Kind Jr. Drive
Jackson, TN 38301

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

In this case Appellant, Tommie L. Hill, Jr., appeals the summary dismissal of his petition for post-conviction relief filed on June 1, 1995. Following a careful review of the record in this case we affirm the judgment of the trial court.

## 1. FACTUAL BACKGROUND

On May 9, 1991, in Case No. 90-433, Appellant was convicted by a jury for the sale and delivery of cocaine. On June 11, 1991, the trial court sentenced the petitioner as a Range III offender to 25 years in the Tennessee Department of Correction.

On April 26, 1993, Appellant appealed to this Court and raised four issues. This Court held that: (1) testimony about Appellant's character or reputation was not error, and even if it was error, it was harmless; (2) the trial court properly refused to allow into evidence the prior convictions of the informant; (3) the trial court did not err by refusing to allow the testimony of a defense witness because Appellant failed to lay a foundation for the testimony; and (4) Appellant was not eligible for Range III punishment pursuant to Tenn. Code Ann. 39-17-417(c)(1), and thus, the trial court erred in sentencing Appellant - State v. Tommy Lee Hill, Jr., Madison county, C.C.A. 02C01-9212-CC-00285, Opinion filed December 1, 1993, at Jackson. This Court vacated Appellant's sentence, remanded the case to the trial court for resentencing, and affirmed the judgment of the trial in all other respects. The trial court resentenced Appellant on December 14, 1994.

On September 11, 1991, in Case Nos. 90-432, 90-434, 90-1000, 90-1127, 91-198, 91-199, and 91-682, Appellant pleaded guilty to two counts of sale of cocaine, theft over $1,000, possession of cocaine with intent to sell, possession of a handgun while being a convicted felon, hindering a secured creditor, and felony escape. Appellant did not appeal these conviction.

On June 1, 1995, Appellant filed a <u>pro se</u> petition for post-conviction relief in Case No. 90-433 and Case Nos. 90-432, 90-1000, 90-1127, 91-198, 91-199, and 91-682. He alleged that his guilty pleas in Case No. 90-433 and Case Nos. 90-432, 90-1000, 90-1127, 91-198, 91-199, and 91-682 were entered unintelligently and unknowingly due to the ineffectiveness of his trial counsel.

On August 4, 1995, the trial court dismissed the post-conviction petition and ruled: (1) the petition was filed outside the three year statute of limitations in Case Nos. 90-432, 90-1000, 90-1127, 91-198, 91-199, and 91-682; and (2) regarding Case No. 90-433, the petitioner alleged no grounds for relief.

## 2. STATUTE OF LIMITATIONS

It is clear that the petition for post-conviction relief, in so far as it relates to cases 90-432, 90-1000, 90-1127, 91-198, 91-199, and 91-682, was properly dismissed summarily since it is clearly barred by the applicable three year statute of limitations. <u>See</u>. Tenn. Code Ann. §40-30-102 (Repealed). Appellant never appealed his convictions in these cases and thus the time for filing for post-conviction relief with respect to them expired on September 11, 1994. The instant petition filed on June 1, 1995, is obviously time-barred.

Appellant claims that he did not discover his counsel's alleged ineffectiveness until December 14, 1994. In Burford v. State, 845 S.W.2d 204 (Tenn. 1992); our state supreme court held that a post-conviction petitioner must be excused from the strict operation of the statute of limitations where a new issue arises near the end of the limitations period or after the period thereby depriving a petitioner of a fair opportunity to litigate the issue. Id. at 208.

In this case however, Appellant simply failed to discover the factual basis of an alleged claim of ineffectiveness of counsel. Burford does not apply to a post-conviction petitioner who simply slept on his rights to seek post-conviction relief. Passarella v. State, 891 S.W.2d 619, 625-26 (Tenn. Crim. App. 1994). Therefore, the post-conviction petition was time-barred and properly denied with respect to the cases noted above.

### 3. CASE NO. 90-433 AND THE LACK OF A CONSTITUTIONAL CLAIM

Although the petition for post-conviction relief was timely filed with regard to Case No. 90-433, it fails to state grounds for which post-conviction relief can be granted. Post-conviction relief can be granted only when a conviction or sentence is void or voidable because of an abridgement of a right guaranteed by the federal or state constitutions. Tenn. Code Ann. § 40-30-105. The petition is this case alleges that an involuntary guilty plea was entered in Case No. 90-433 as the result of alleged ineffectiveness of counsel. This is somewhat puzzling since Appellant was convicted by a jury upon a plea of not guilty in Cae No.90-433. Thus, we are unable to find a constitutional claim in the petition regarding Case No. 90-433.

Where a post-conviction petition conclusively shows that the petitioner is not entitled to relief, it is properly subject to summary dismissal. Tenn. Code Ann. § 40-30-109; Givens v. State, 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985). For these reasons the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID H. WELLES, JUDGE